UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SEASPINE ORTHOPEDICS CORPORATION; SEASPINE, INC.; SEASPINE SALES LLC; and ISOTIS ORTHOBIOLOGICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PINNACLE HEALTHCARE, LLC, dba PINNACLE HOSPITAL, <br><br> Defendant. | No. 2:20 CV 323 |

**OPINION and ORDER**

**I.     BACKGROUND**

Plaintiffs allege that they are four related corporate entities. SeaSpine Orthopedics Corporation serves as the parent company. Its subsidiaries SeaSpine, Inc., and IsoTis OrthoBiologics, Inc., supply its products (spinal implants and orthobiologics) to customers. Finally, another subsidiary, SeaSpine Sales LLC, bills customers and collects payments. According to plaintiffs, they had a years-long relationship with defendant Pinnacle Healthcare, doing business as Pinnacle Hospital, during which time defendant would regularly use plaintiffs' devices and pay plaintiffs after being invoiced.

The relationship soured after a few years, and plaintiffs claim that defendant began substantially reducing its payments. Defendant apparently had possession of a stock of plaintiffs' products, which plaintiffs say they had provided in good faith given

the parties' good relationship in prior years. However, plaintiffs allege that defendant continued to use the products from this stock (and then bill patients and patients' insurers for them) without paying plaintiffs in full.

Plaintiffs sued, seeking to recover over $600,000 from defendant for the aforementioned products. The complaint alleges breach of contract, account stated, unjust enrichment, theft, and conversion. (DE # 1.) Defendant now moves to dismiss plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE # 16.)

## II.     LEGAL STANDARD

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court "take[s] the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). In assessing the pleading of those facts, the court must be cognizant that a complaint filed in federal court is governed by the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, which only requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011);

2

*Twombly*, 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

However, the plaintiff does not need to plead facts that establish each element of a cause of action and, "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251. Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III. DISCUSSION

Defendant first argues that, technically speaking, the invoices in question were issued only by SeaSpine Sales LLC with a request to remit payment solely to SeaSpine Sales LLC. Thus, defendant argues, the remaining plaintiffs (Seaspine Orthopedics Corporation, SeaSpine, Inc., and IsoTis OrthoBiologics, Inc.) have no claim for breach of

3

contract or account stated. In response, plaintiffs point out that every invoice contains the following explanation of plaintiffs' corporate structure: "IsoTis OrthoBiologics, Inc., SeaSpine, Inc., and SeaSpine Sales LLC are owned by SeaSpine Orthopedics Corporation. SeaSpine Sales LLC is the billing and order management subsidiary for IsoTis OrthoBiologics, Inc. [and] SeaSpine Inc." (DE # 1 Ex. D.) Defendant does not dispute that SeaSpine Sales LLC is a proper plaintiff for purposes of the breach of contract and account stated claims.

      The parties appear to agree that this issue is governed by Indiana law. Under the law of that state, "[g]enerally, only those who are parties to a contract or those in privity with a party have the right to enforce the contract." *Daimler Chrysler Corp. v. Franklin*, 814 N.E.2d 281, 285 (Ind. Ct. App. 2004). Privity has been defined as "mutual or successive relationships to the same right of property, or an identification of interest of one person with another as to represent the same legal right." *Riehle v. Moore*, 601 N.E.2d 365, 371 (Ind. Ct. App. 1992). As a fellow district court recently suggested, the idea that parent corporations and their subsidiaries may be in privity with one another is perhaps so basic an idea that it has failed to appear, in those specific terms, in Indiana jurisprudence. *RAP Indy, LLC v. Zurich Am. Ins. Co.*, No. 119CV04657, 2021 WL 2416740, at *3 (S.D. Ind. June 14, 2021) ("Although the Court cannot find an Indiana case directly stating the proposition, there is broad consensus across jurisdictions that a parent-subsidiary relationship constitutes privity."). As that court went on to explain, "[t]his makes sense because a parent company and its wholly owned subsidiary tend to share

4

analogous legal and financial interests, and persons who control the parent tend to control the subsidiary." *Id.*

Privity is an "elusive concept" that "may not be easily characterized as factual or legal." *Matter of L & S Indus., Inc.,* 989 F.2d 929, 933 (7th Cir. 1993). The question can occasionally be purely legal, such as when a pre-existing relationship is defined by statute. *Id.* But, due to the "fact-intensive nature of the inquiry," *id.*, privity is often ultimately a factual question, and thus dismissal of claims at the pleadings stage on privity grounds is generally improper. *See In re Rust-Oleum Restore Mktg., Sales Pracs. & Prod. Liab. Litig.,* 155 F. Supp. 3d 772, 807 (N.D. Ill. 2016) (collecting cases and holding that motion to dismiss was not proper procedural posture for analyzing privity issue).

According to the allegations in the complaint and the relevant invoices (which defendant urges the court to consider as a document attached to a pleading), the four plaintiffs are related corporate entities, with SeaSpine Orthopedics Corporation serving as the parent company, SeaSpine, Inc., and IsoTis OrthoBiologics, Inc., functioning as product-supply arms, and SeaSpine Sales LLC performing duties as the billing entity. Defendant does not substantively argue that privity does not exist between these entities as a legal or factual matter; it simply points out the obvious fact that the companies have different names. Privity cannot be determined on that fact alone. Perhaps additional facts might change the landscape of the analysis; defendant is, of course, free to revive this issue as the factual record in this case develops. However, the court cannot determine the question conclusively at the pleadings stage.

Defendant also argues that the unjust enrichment, conversion, and theft claims should be dismissed, as plaintiffs cannot recover under those theories if they succeed on their contract claim. However, Federal Rule of Civil Procedure 8(d)(2) permits a party to plead alternative theories of relief, even if the theories are inconsistent. *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003). Accordingly, at this stage, defendant's argument is rejected.

## IV.    CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE # 16) is **DENIED**.

**SO ORDERED.**

Date: September 27, 2021

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT